# EXHIBIT A-2

11/21/2014 2:13:41 PM
Chris Daniel - District Clerk Harris County
Envelope No. 3263177
By: Shanelle Taylor
Filed: 11/21/2014 2:13:41 PM

## 2014-68513 / Court: 133

Cause No. _____

| | | |
|---|---|---|
| Linda Benthall, Plaintiff, | § § § | In the District Court of |
| v. | § § § § | Harris County, Texas |
| State Farm Fire and Casualty Company, Defendant. | § § § | \_\_\_\_\_ Judicial District |

### Plaintiff's Original Petition

Plaintiff, Linda Benthall ("Plaintiff Benthall") complains of Defendant State Farm Fire and Casualty Company ("Defendant State Farm") as follows:

### Discovery Control Plan Level 2.

1. This case shall be governed by a discovery control plan under Tex. R. Civ. P., Rule 190.3, level 2, unless the court orders that the discovery be conducted in accordance with another discovery plan.

### Parties.

2. Plaintiff Linda Benthall ("Plaintiff Benthall") is an individual residing in Harris County, Texas.

3. Defendant State Farm Fire and Casualty Company ("Defendant State Farm") is a foreign insurance company authorized to do business in the State of Texas. It may be served through its attorney for service, Margie Southard, 8900 Amberglen Boulevard, Austin, Travis County, Texas 78729-1110.

### Damages Sought.

4. The damages and relief sought by Plaintiff Benthall are within the jurisdictional limits of this Court. Plaintiff Benthall seeks monetary relief of $200,000 to $1 million.

G:\Benthall\Petition Original.wpd

## Jurisdiction and Venue.

5. This Court has jurisdiction over Defendant State Farm because it conducts insurance business in the State of Texas. Venue of all causes of action contained in this lawsuit are proper and appropriate in this Court and in Harris County, Texas pursuant to section 1952.110 of the Texas Insurance Code provides for mandatory venue in the county where a policyholder or beneficiary resides for all suits against an insurance company regarding coverage. Venue is also proper in this Court and Harris County because the facts which are the basis of such causes of action occurred in Harris County, Texas. Pursuant to the provisions of Chapter 15 of the Texas Civil Practices & Remedies Code, this suit may be brought in Harris County, Texas.

## Factual Background.

6. Plaintiff Benthall insured her house at 872 Seagull, Sargent, Texas 77414 (the "Seagull House") through policy number 83B6D5289 issued by Defendant State Farm (the "Benthall Insurance Policy"). The Benthall Insurance Policy had a term from September 4, 2013 through September 4, 2014. On March 7, 2014, a fire of unknown origin occurred at the Seagull House. The fire effectively destroyed the Seagull House and all contents therein. Shortly after the fire, Plaintiff Benthall notified Defendant State Farm of the fire through a Sworn Statement in Proof of Loss. She has also provided Defendant State Farm a detailed inventory of the contents of the Seagull House and has otherwise fulfilled all requirements under law and the Benthall Insurance Policy. The fire was unquestionably an occurrence covered under the Benthall Insurance Policy.

7. Defendant State Farm, which is in the business of insurance, and adjusting claims, in the State of Texas, had a duty to act reasonably in the resolution of this claim. Instead, Defendant State Farm chose to engage in unreasonable delay, and deception, in an effort to delay proceedings and deny Plaintiff Benthall her rights under the Benthall Insurance Policy. Claims for the failure of an insurer to act in good faith are distinct and separate from any cause of action for breach of the

underlying insurance contract. The duty of good faith and fair dealing emanated not from the terms of the insurance contract, but from an obligation imposed by law. In this case, Defendant State Farm, which engaged in a purposeful course of delay and misrepresentation, is liable for violating section 541.060 of the Texas Insurance Code. Defendant State Farm violated its duty to effectuate a settlement, both under the Benthall Insurance Policy and under the Texas Insurance Code. Plaintiff Benthall seeks a declaration of the rights under the contract, and further brings claims pursuant to the Texas Insurance Code and Texas Deceptive Trade Practices Act. Plaintiff Benthall also seeks recovery of her attorney's fees under Chapter 37 of the Texas Civil Practice and Remedies Code, and under section 542.060 of the Texas Insurance Code.

**Plaintiff Benthall Sues Under the Texas Declaratory Judgment Act.**

8.  Plaintiff Benthall sues Defendant State Farm under the Texas Declaratory Judgment Act, Chapter 37 of the Texas Civil Practice & Remedies Code, seeking a declaration that she is entitled to coverage under the Benthall Insurance Policy, and to have her claim investigated, assessed and paid, under the Benthall Insurance Policy. Plaintiff Benthall further requests all relief to which she is entitled, including fees, costs, and supplemental relief pursuant to sections 37.009 and 37.011 of the Texas Civil Practice & Remedies Code.

**Defendant State Farm Is Liable for Bad Faith.**

9.  The Benthall Insurance Policy created a duty of good faith and fair dealing between Defendant State Farm and Plaintiff Benthall. Defendant State Farm, an insurer in Texas, through its claims representatives, adjusters, and other agents, has engaged in a continuing course of action designed to delay payment of the claim. The claims representatives, adjusters, and agents for Defendant State Farm have made misrepresentations, indicating that they intended to resolve the claim, claiming they did not have certain documents, and other actions designed to inspire the Plaintiff Benthall to refrain from pursuing litigation actively, but completely failing to engage in

reasonable settlement negotiations, or otherwise take reasonable steps to settle the claim. In sum, Defendant State Farm has denied or delayed payment of the claim of Plaintiff Benthall though their liability to pay was reasonably clear, and this denial or delay has caused damages to Plaintiff Benthall.

### Defendant State Farm Has Violated the Texas Insurance Code.

10. Plaintiff Benthall provided all documents and information requested by Defendant State Farm and its agents and representatives. Plaintiff Benthall made a claim under the Benthall Insurance Policy and Defendant State Farm's liability for that claim was clear. While Defendant State Farm has not denied the claim, it has failed to pay it, or to engage in a prompt and reasonable investigation of the claim for purposes of negotiating resolution. Plaintiff Benthall provided written notification to the insurers that apprised them in extensive detail of the facts relating to the claim. Defendant State Farm had a duty to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim because its liability had become reasonably clear. Having failed to do so, Defendant State Farm and its representatives are in violation of section541.060 of the Texas Insurance Code.

### Defendant State Farm Has Violated the Texas Deceptive Trade Practices Act.

11. Plaintiff Benthall is a consumer who purchased the Benthall Insurance Policy from Defendant State Farm. Defendant State Farm is amenable to suit under the provisions of the Texas Deceptive Trade Practices Act, hereinafter referred to as the "DTPA." *See* Tex. Bus. & Com. Code § 17.50(a)(1). Defendant State Farm violated the DTPA by refusing to pay Plaintiff Benthall's claim without conducting a reasonable investigation in violation of section 541.061(a)(7) of the Texas Insurance Code. *See* Tex. Bus. & Com. Code § 17.50(a)(4). As a result of Defendant State Farm's violation of the DTPA, Plaintiff Benthall has incurred damages including, but not limited to, the loss of benefits under the Benthall Insurance Policy.

### Defendant State Farm Has Breached Its Contract With Plaintiff Benthall.

12. Plaintiff Benthall is the owner and beneficiary of the Benthall Insurance Policy issued by Defendant State Farm. The Benthall Insurance Policy insured Plaintiff Benthall against any loss or damage she might sustain as a result of a fire at the Seagull House. The Benthall Insurance Policy covered the period of time during which the fire occurred. Pursuant to the Benthall Insurance Policy, Defendant State Farm is obligated to pay Plaintiff Benthall all damages, within the policy limits, that she shall be entitled to on account of the fire.

13. Notice of Plaintiff Benthall's claims, including all necessary supporting documents, was sent to Defendant State Farm in accordance with the terms of the Benthall Insurance Policy. Defendant State Farm accepted and processed Plaintiff Benthall's claims, but it did not properly investigate, assess, or pay under the Benthall Insurance Policy despite its clear obligation to do so, and, by failing to do so, Defendant State Farm breached the Benthall Insurance Policy.

14. Plaintiff Benthall has complied with each and every duty she owes to Defendant State Farm under the Benthall Insurance Policy or otherwise. Notwithstanding Plaintiff Benthall's claims, Defendant State Farm has refused to pay the damages owed under the Benthall Insurance Policy. Therefore, pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code §38.001, Plaintiff Benthall is entitled to recover the damages set out herein, plus reasonable attorney's fees. Plaintiff Benthall will show that she was forced to retain the undersigned attorneys to represent her and that she has agreed to pay the undersigned attorneys a reasonable fee for said representation.

### Damages.

15. Plaintiff Benthall has sued for declaratory relief and pleads her cause of action based upon insurance bad faith, violations of the Texas Insurance Code, violations of the Texas DTPA, and breach of contract. Plaintiff Benthall pleads for all actual, consequential, incidental and compensatory damages, statutory damages and penalties, and costs to which she is entitled under

the common law and statutes which are the basis of such claims, and such claims are individually, and/or as a group, in excess of the minimum jurisdictional limits of the this court.

### Exemplary Damages.

16. Plaintiff Benthall, further, alleges that by reason of the fact that Defendant State Farm knew that its conduct was unlawful and illegal at the time that it engaged in such unlawful and illegal conduct, and that Defendant State Farm acted willfully, and knowing that its unlawful and illegal conduct toward Plaintiff Benthall would cause her serious harm and injury, that such actions constitute conduct for which the law allows the imposition of exemplary damages. Plaintiff Benthall would show that she has incurred significant expenses, including attorneys' fees, in the investigation and prosecution of this action. Accordingly, Plaintiff Benthall requests that exemplary damages be awarded against Defendant State Farm to the fullest extent allowed by law.

### Attorneys' Fees.

17. As a result of the wrongful conduct of Defendant State Farm, Plaintiff Benthall has been required to hire the undersigned attorneys to prosecute this application for declaratory relief and cause of action on behalf of her. Pursuant to chapters 37 and 38 of the Texas Civil Practices and Remedies Code, and chapters 541 and 542 of the Texas Insurance Code, Plaintiff Benthall requests this Court to award to Plaintiff Benthall her reasonable and necessary attorneys' fees for the services rendered in this case, for the presentation and preparation of this case in a trial on the merits, before the Court of Appeals, and before the Supreme Court, if such should be necessary.

### Interest.

18. In addition to the foregoing sum, Plaintiff Benthall prays for prejudgment interest on all sums recovered in the maximum amount provided by law until the date of judgment, and for post-judgment interest in the maximum amount as provided by law after the date of judgment.

## Conditions Precedent.

19. All conditions precedent have been performed or have occurred.

## Plaintiff Benthall Requests Jury.

20. Plaintiff Benthall hereby demands and requests a jury trial on the merits in this lawsuit, and upon filing of this case, will pay the required jury fee.

## Prayer.

21. Plaintiff Linda Benthall prays that:

    a. Defendant State Farm Fire and Casualty Company be cited to appear and answer;

    b. A declaratory judgment be entered declaring the following:

        i. The rights of the parties under the Benthall Insurance Policy;

        ii. That Plaintiff Benthall has complied with all conditions precedent to receiving benefits under the Benthall Insurance Policy;

        iii. That the fire at the Seagull House is an occurrence covered under the Benthall Insurance Policy; and

        iv. That Plaintiff Benthall is entitled to payment of the full amount of her damages arising from the fire at the Seagull House;

    b. Plaintiff Benthall be awarded actual and exemplary damages as pleaded for in this lawsuit;

    c. Plaintiff Benthall be granted judgment for prejudgment and postjudgment interest at the highest legal or contractual rate allowed by law;

    e. Plaintiff Benthall be granted judgment for her reasonable and necessary attorney's fees;

    f. Plaintiff Benthall be granted judgment for all costs of court; and

g.  Plaintiff Benthall be granted all further relief to which she may be entitled.

> Respectfully submitted,
>
> JIM L. CULPEPPER & ASSOCIATES, P.C.
>
> By: _____
> J. L. Culpepper State Bar No. 05214000
> L. A. Blake State Bar No. 24092141
> 9821 Katy Freeway, Suite 110
> Houston, Texas 77024-1208
> jimc@culpepperlaw.com
> joel@culpepperlaw.com
> (713) 463-6300
> (713) 463-6301 Telecopier
>
> Attorneys for Plaintiff Linda Benthall