# EXHIBIT A-7

9/11/2015 1:23:36 PM
Chris Daniel - District Clerk Harris County
Envelope No. 6887290
By: EVELYN PALMER
Filed: 9/11/2015 1:23:36 PM

## CAUSE NO. 2014-68513

| | | |
|---|---|---|
| **LINDA BENTHALL** | § | IN THE DISTRICT COURT OF |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | HARRIS COUNTY, T E X A S |
| | § | |
| **STATE FARM FIRE AND CASUALTY COMPANY** | § | |
| | § | |
|     *Defendant*. | § | 133RD JUDICIAL DISTRICT |

## DEFENDANT STATE FARM LLOYDS' MOTION TO TRANSFER VENUE, AND SUBJECT THERETO, ITS ORIGINAL ANSWER AND SPECIAL EXCEPTIONS

State Farm Lloyds files its Motion to Transfer Venue, and Subject Thereto, its, Special Exceptions and Original Answer to Plaintiff's First Amended Original Petition.

### I. MOTION TO TRANSFER VENUE

1. State Farm Lloyds moves to transfer the claims of Plaintiff to Matagorda County, Texas, because Harris County, Texas, the county where this action is pending, is not a county of proper venue.

**A. Factual and Procedural Background**

2. Plaintiff brought suit against State Farm Lloyds for damages arising from a fire that occurred at her house located at 872 Seagull in Sargent, Texas (the Residence). The Residence is located in Sargent, Texas, which is located in Matagorda County, Texas.

3. Plaintiff relies on TEX. INS. CODE §1952.110 to establish venue in Harris County, Texas. However, that provision of the Insurance Code pertains to lawsuits involving Uninsured Motorist claims. Further, Plaintiff alleged no facts supporting venue in Harris County, Texas.

4.     State Farm Lloyds moves to transfer this action to Matagorda County, Texas, a county of proper venue, because Harris County, the county where this action is pending, is not a county of proper venue as to Plaintiff.

**B.     Arguments and Authorities**

5.     State Farm Lloyds specifically denies that the insured property made the basis of this lawsuit is in Harris County.  State Farm Lloyds further denies that venue is proper in Harris County under TEX. CIV. PRAC. & REM. Code Chapter 15.

6.     State Farm Lloyds requests that the case be transferred to Matagorda County, Texas. The Texas Supreme Court has made it clear that the trial court must transfer venue to the county specified in defendant's motion to transfer venue after plaintiff's first choice of venue is shown to be improper.  See *In re Masonite Corp.*, 997 S.W.2d 194 (Tex. 1999).  Plaintiff's first choice of venue was Harris County, a clearly improper venue in light of the fact that the Residence at issue in this lawsuit is located in Matagorda County, Texas. Therefore, Plaintiff's lawsuit must be transferred to Matagorda County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §15.003(a).

## II. GENERAL DENIAL

7.     As authorized by Rule 92 of the Texas Rules of Civil Procedure, State Farm Lloyds generally denies all of the material allegations contained in Plaintiff's First Amended Original Petition and all amendments thereto, and demands strict proof thereof by a preponderance of the evidence, or other applicable burden of proof.

## III. SPECIFIC DENIALS

8.     State Farm Lloyds specifically denies that Plaintiff complied with all conditions precedent to coverage under the Policy, or that those conditions occurred or

been performed. Plaintiff has not produced documents and information that State Farm Lloyds requested as part of its evaluation and investigation of the insurance claim and has not yet to submitted to a continuation of her examination under oath.

9. State Farm Lloyds specifically denies that it breached any contract with Plaintiff. State Farm Lloyds reiterates that it reserves its right to rely upon any and all Policy provisions which may exclude or limit the claim.

10. State Farm Lloyds specifically denies that it violated any provision of the Texas Insurance Code, knowingly, intentionally or otherwise.

11. State Farm Lloyds specifically denies that it violated any provision of the DTPA, knowingly, intentionally or otherwise.

12. State Farm Lloyds specifically denies that it violated the common law duty of good faith and fair dealing.

13. State Farm Lloyds specifically denies that it violated any other state laws.

14. State Farm Lloyds specifically denies that it caused Plaintiff any damages.

15. State Farm Lloyds specifically denies that Plaintiff is entitled to statutory damages.

16. State Farm Lloyds specifically denies that Plaintiff is entitled to exemplary damages.

17. State Farm Lloyds specifically denies that Plaintiff is entitled to attorneys' fees.

## IV. AFFIRMATIVE DEFENSES

18. **Failure to Comply with Policy Conditions.** Plaintiff cannot recover against State Farm Lloyds, in whole or in part, for any of the causes of action alleged in Plaintiff's First Amended Original Petition because Plaintiff failed to satisfy the conditions precedent to coverage under the Policy. The relevant provisions of the Policy state:

> **SECTION I – CONDITIONS**
>
> \*\*\*
>
> 2. **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:
>
>     d. as often as we reasonably require:
>     \*\*\*
>
>         (2) provide us with records and documents we request and permit us to make copies;
>
>         (3) submit to and subscribe, while not in the presence of any other **insured**:
>
>             (a) statements; and
>
>             (b) examinations under oath; and

Further, the Policy also provides, in Section I – Conditions that:

> 6. **Suit Against Us**. No action shall be brought unless there has been compliance with the policy provisions and the action is started within two years and one day after the date of loss or damage.

None of the Policy provisions have been waived, nor have any of the Policy provisions been excused. Plaintiff has not produced documents and information State Farm Lloyds requested as part of its evaluation and investigation of the insurance claim and has not yet to submitted to a continuation of her examination under oath.

4

19. **Plaintiff's Responsibilities.** Plaintiff is responsible for reading her insurance Policy and any renewal notices and is presumed to know the provisions of her Policy, including the limits of liability.

20. **Cap on Exemplary Damages.** State Farm Lloyds affirmatively pleads the limitations on exemplary damages contained in the Texas Civil Practice and Remedies Code, Title 2, §41.001, *et.seq.* In addition, Plaintiff's First Amended Original Petition and any amendments thereto, to the extent it seeks recovery of exemplary damages, violates Article I, §13 of the Texas Constitution and the Eighth Amendment of the United States Constitution and violates State Farm Lloyds's right to substantive and procedural due process as provided in Article I, §19 of the Texas Constitution and the Fifth and Fourteenth Amendments of the United States Constitution.[1] Moreover, as a matter of state and federal constitutional law, and/or sound public policy, any findings supporting an award of exemplary damages must be based on clear and convincing evidence, not a mere preponderance of evidence.

21. **Attorneys' Fees Are Barred.** Plaintiff is not entitled to recover attorneys' fees. Plaintiff does not state a valid basis on which she is entitled to attorneys' fees in this case, and does not allege the conditions precedent necessary to be entitled to recover attorneys' fees. "Until a duty to pay under an insurance policy has been established, there is no just amount owed."[2] In addition, State Farm Lloyds asserts Plaintiff is not entitled to attorneys' fees under the doctrine of excessive demand. "The dispositive inquiry for determining whether a demand is excessive is whether the

---

[1] See, e.g., *State Farm v. Campbell*, 538 U.S. 408 (2003); *BMW Corporation of North America v. Gore*, 517 U.S. 559 (1996).
[2] *Beacon Nat'l Ins. Co. v. Glaze*, 114 S.W.3d 1, 6 (Tex. App.–Tyler 2003) citing *Sikes v. Zuloaga*, 830 S.W.2d 752, 754 (Tex. App.–Austin 1992, no writ).

5

claimant acted unreasonably or in bad faith… If a claimant demands monies to which they are not entitled, that demand is unreasonable and consequently excessive."[3]

22.     **Chapter 38 Attorney's Fees.** Plaintiff cannot recover attorney's fees from State Farm Lloyds under Chapter 38 of the Texas Civil Practice and Remedies Code. "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for… (8) an oral or written contract." TEX. CIV. PRAC. & REM. CODE §38.001(8). Defendant State Farm Lloyds is an unincorporated association of underwriters; therefore, Chapter 38 does not apply to State Farm Lloyds. *Fleming & Assocs., L.L.P. v. Barton*, 2014 Tex. App. LEXIS 2250 (Tex. App.—Houston [14th Dist.] Feb. 27, 2014). *See also Hoffman v. L&M Arts*, 3:10-CV-0953-D, 2015 U.S. Dist. LEXIS 27784 (N.D. Tex. Mar. 6, 2015).

23.     **Limit of Liability.** Plaintiff's damages, if any, must be limited by the limits of liability set forth in the Policy.

24.     **Deductible.** In the unlikely event that it is determined that State Farm Lloyds owes any amount on the claim, State Farm Lloyds is entitled to apply the amount of the deductible set forth in the Policy.

25.     **Payments.** State Farm Lloyds invokes the legal doctrine allowing it a percentage credit, offset and reduction of liability and damages, if any, against any judgment ultimately rendered in this matter for any amounts paid to or on behalf of Plaintiff in connection with the insurance claim.

26.     **All Other Defenses, Privileges and Immunities.** State Farm Lloyds affirmatively pleads all affirmative defenses, privileges and immunities available under

---

[3] *Wayne v. A.V.A. Vending, Inc.*, 52 S.W.3d 412, 418-19 (Tex. App.–Corpus Christi 2001, rev. denied) citing *Findlay v. Cave*, 611 S.W.2d 57, 58 (Tex. 1981); and *Ingham v. Harrison*, 224 S.W.2d 1019, 1022

the common law, the Texas Civil Practices & Remedies Code, by statute or otherwise. State Farm Lloyds affirmatively pleads all available contractual limitations, all available limitations set out in the Texas Civil Practices & Remedies Code, all available statutory limitations provisions and all limitations provisions available otherwise.

### IV.  SPECIAL EXCEPTIONS

27.     State Farm specially excepts to the entirety of Plaintiff's First Amended Original Petition and specifically to Paragraphs 6, 14 and 19 in which she alleges she complied with the conditions precedent for recovery under the Policy because the conditions precedent have not occurred or been performed.  The relevant provisions of the Policy state:

**SECTION I – CONDITIONS**

\*\*\*

2.  **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:

    d.    as often as we reasonably require:

\*\*\*

   (2)   provide us with records and documents we request and permit us to make copies;

   (3)   submit to and subscribe, while not in the presence of any other **insured**:

      (a)   statements; and

      (b)   examinations under oath; and

Further, the Policy also provides, in Section I – Conditions that:

6.  **Suit Against Us**. No action shall be brought unless there has been compliance with the policy provisions and the action is started within two years and one day after the date of loss or damage.

---

(Tex. 1949).

7

Plaintiff has delayed providing information State Farm Lloyds requested as part of its evaluation and investigation of the insurance claim identified in Plaintiff's First Amended Original Petition, as required by the Policy. Plaintiff further delayed submitting to an examination under oath and has not submitted to a continuation of the examination under oath which State Farm Lloyds also requested under the terms of the Policy. Therefore, State Farm Lloyds' cannot have denied Plaintiff's claim, and Plaintiff has no basis for filing this lawsuit. Plaintiff has further materially breached the Policy by failing to comply with these Conditions, resulting in prejudice to State Farm Lloyds.

28.     State Farm Lloyds specially excepts to Paragraph 7 and any other paragraphs of Plaintiff's First Amended Original Petition in which she makes any implication that the claim has been denied. State Farm Lloyds has not denied Plaintiff's claim. In fact, as described above, Plaintiff prematurely filed his lawsuit before complying with the conditions precedent of the Policy. Plaintiff should be ordered to re-plead to correct this inaccurate assertion.

29.     State Farm Lloyds specially excepts to Paragraphs 7 and 9-11 of Plaintiff's First Amended Original Petition in which Plaintiff alleges that State Farm Lloyds violated provisions of the Texas Insurance Code, the Texas Deceptive Trade Practices Act and breached the duty of good faith and fair dealing. Plaintiff failed to state any facts supporting her bare allegations or giving rise to these causes of action. Plaintiff's mere paraphrased recitation of statutory sections and/or common law elements fail to identify specific facts supporting Plaintiff's claims. Plaintiff's allegations are merely legal conclusions presented without any factual basis. Consequently, Plaintiff's pleadings as drafted fail to provide State Farm Lloyds with fair notice of the

claims brought against it so that it may adequately prepare its defenses to these claims. "Pleadings should give fair and adequate notice of the facts upon which the pleader relies in order that the adverse party may properly prepare his defense thereto."[4] State Farm Lloyds requests that Plaintiff be required to re-plead to correct these pleading defects.

30. State Farm Lloyds specially excepts to Paragraph 16 and the Prayer of Plaintiff's First Amended Original Petition in which Plaintiff alleges that she is entitled to exemplary damages. Plaintiff does not identify any conduct or provide any factual basis to support her claim for these damages. Plaintiff has failed to provide facts supporting her damage claim and fails to give State Farm Lloyds fair notice of the claims brought against it so that it may adequately prepare a defense to these claims.[5] State Farm Lloyds requests that Plaintiff be required to re-plead to correct these pleading defects.

31. State Farm Lloyds specially excepts to Paragraph 14, 17 and the Prayer of Plaintiff's First Amended Original Petition in which Plaintiffs' seek attorneys fees. Plaintiff has failed to provide sufficient notice of facts regarding the amount of attorneys fees incurred for the purpose of satisfying the requirements of TEX. CIV. PRAC. & REM. CODE Chapter 38.

**PRAYER**

State Farm Lloyds prays that the Court grant its special exceptions, require Plaintiffs to re-plead her Original Petition, render judgment that Plaintiff take nothing in this lawsuit, and grant State Farm Fire any such other and further relief, both general and special, at law and in equity, to which it shows itself entitled.

---

[4] *Murray v. O & A Express, Inc.,* 630 S.W.2d 633, 636 (Tex. 1982).

Respectfully submitted,

**NISTICO CROUCH & KESSLER, P.C.**


By: _____*/s/Kathleen Crouch*_____
      Kathleen Crouch
      State Bar No. 05144310
      Rachel E. Wall
      State Bar No. 24066254
4008 Gateway, Suite 120
Colleyville, Texas 76034
Telephone: (817) 858-0362
Telecopier: (214) 722-0744
**Counsel for State Farm Fire and Casualty Company**


### CERTIFICATE OF SERVICE

This pleading was served in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on September 11, 2015.

Jim L. Culpepper & Associates, P.C.
9821 Katy Freeway, Suite 110
Houston, Texas 77024-1208
**VIA FACSIMILE: (713) 463-6301 &**
**CERTIFIED MAIL/RRR #7015 0640 0004 4756 5066**


      */s/Kathleen Crouch*
      Kathleen Crouch

---

[5] *Murray,* 630 S.W.2d at 636 (pleadings should give fair and adequate notice of the facts upon which the pleader relies in order that the adverse party may properly prepare her defense thereto).