IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LINDA BENTHALL; § | | |
| *Plaintiff,* § | | |
| § | | |
| VS. § | | Civil Action 4:15-cv-02715 |
| § | | Jury |
| § | | |
| STATE FARM LLOYDS § | | |
| *Defendant* § | | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(F) of FEDERAL RULES OF CIVIL PROCEDURE**
(Please *restate* the instruction in **bold** before furnishing the responsive information.)

**1.   State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses.**

The conference was timely held on October 13, 2015 at 2:30 p.m. via telephone. The following attended the conference on behalf of the parties:

For the Plaintiff, Linda Benthall:
Mr. Jim L. Culpepper
State Bar No. 05214000
Federal ID No. 3249
Jim. L. Culpepper & Associates, P.C.
9821 Katy Freeway, Suite 100
Houston, Texas 77024-1208
Telephone: (713) 463-6300
Telecopier: (713) 463-6301
Email: jimc@culpepperlaw.com
Attorney-In-Charge for Plaintiff

For the Defendant, State Farm Lloyds:
Rachel E. Wall
State Bar No. 24066254
Federal ID No. 1151949
Nistico, Crouch & Kessler, P.C.
1900 West Loop South, Suite 800
Houston, Texas 77027
Telephone: (713) 781-2889
Telecopier: (713) 781-7222

      Email: rwall@nck-law.com
      Counsel for Defendant

2. **List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

   This case was removed from the 133rd Judicial District Court of Harris County, Texas where it was docketed under cause number 2014-68513. No other related cases are pending in either state or federal court.

3. **Briefly describe what this case is about.**

   This is a suit on a homeowners insurance policy issued by State Farm Lloyds to Plaintiff, Linda Benthall, subject to the terms, conditions, requirements and exclusions therein (the Policy). Plaintiff submitted an insurance claim (the Claim) to State Farm Lloyds for fire damage to her residence located at 872 Seagull, Bay City, Texas 77414-2471 (the Residence) and personal property contained therein (the Personal Property) which occurred on or about March 7, 2014 (the Fire).

   On November 21, 2014, Plaintiff initiated this action against State Farm Fire and Casualty Company. On August 21, 2015, Plaintiff filed her First Amended Original Petition. Plaintiff named State Farm Lloyds as a Defendant and non-suited State Farm Fire and Casualty Company. Plaintiff seeks a declaratory judgment that she is entitled to coverage for the Fire under the Policy under which she filed this lawsuit. Plaintiff also asserts causes of action against State Farm Lloyds under the Texas Declaratory Judgment Act; in addition to claims based upon (a) breach of the insurance contract; (b) breach of the duty of good faith and fair dealing; (c) violations of the Texas Insurance Code; and (d) violations of the Texas Deceptive Trade Practices Act.

   It is Plaintiff's position that:

   - Plaintiff's lawsuit is properly filed: (1) Plaintiff has timely provided and completed pre-suit notice as required by TEX. INS. CODE § 541.154 and TEX. BUS. & COM. CODE § 17.505(a); and (2) Plaintiff has complied with the conditions precedent of the Policy under which she submitted the Claim for the Fire.

   - Plaintiff has complied with all conditions precedent for filing this lawsuit as required by the Policy, and all such conditions have occurred or have been performed. Plaintiff has produced documents and information that State Farm Lloyds requested as part of its investigation and evaluation of the Fire and Plaintiff's Claim. Further, Plaintiff submitted to Defendant's examination under oath on March 4, 2015, as required by the Policy. At the insistence of Defendant, Plaintiff has agreed to additional examination under oath for limited purpose on November 17, 2015. State Farm Lloyds has had more

than reasonable time to complete its investigation and evaluation of Plaintiff's Claim. Defendant has no basis to deny Plaintiff's claim and is liable under the insurance contract for damages allowed at common law and under the applicable statutes, in addition to penalties, attorney's fees, and costs.

- Plaintiff has asserted causes of action against State Farm Lloyds based upon Chapter 541 of the Texas Insurance Code and Chapter 17 of the Texas Business and Commerce Code. Plaintiff has met all conditions precedent to bringing suit under these statutory provisions.

It is State Farm Lloyds' position that:

- Plaintiff's lawsuit is premature on two grounds: (1) Plaintiff failed to provide timely or proper pre-suit notice as required by TEX. INS. CODE § 541.154 and TEX. BUS. & COM. CODE § 17.505(a); and (2) Plaintiff failed to comply with the conditions precedent of the Policy under which she submitted the Claim for the Fire.

- Plaintiff has not complied with all conditions precedent for filing this lawsuit as required by the Policy, nor have those conditions occurred or been performed. Plaintiff has not produced documents and information that State Farm Lloyds requested as part of its investigation and evaluation of the Fire and Plaintiff's Claim. Further, Plaintiff has not completed her examination under oath, as required by the Policy. Therefore, State Farm Lloyds has been unable to conclude its investigation and evaluation of Plaintiff's Claim, and Plaintiff has no basis for filing this lawsuit.

- Plaintiff has asserted causes of action against State Farm Lloyds based upon Chapter 541 of the Texas Insurance Code and Chapter 17 of the Texas Business and Commerce Code. As a condition precedent to bringing suit under these statutory provisions, Plaintiff is required to provide State Farm Lloyds a pre-suit notification or demand and provide State Farm Lloyds 60 days to respond prior to bringing any suit. Plaintiff filed her First Amended Original Petition naming State Farm Lloyds as a defendant on August 21, 2015. However, Plaintiff failed to provide timely or proper pre-suit notice as required by TEX. INS. CODE § 541.154 and TEX. BUS. & COM. CODE § 17.505(a). Therefore, this lawsuit should be abated until the 60th day after the date Plaintiff provides the required statutory notice to State Farm Lloyds.

4. **Specify the allegation of federal jurisdiction.**

State Farm Lloyds alleges that federal jurisdiction is based on diversity jurisdiction pursuant to 28 U.S.C. Section 1332.

**5.  Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.**

Defendant: None

Plaintiff: None as to jurisdiction in state court.

**6.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

Plaintiff does not anticipate that any additional parties will be added at this time.

State Farm Lloyds does not anticipate that any additional parties will be added.

**7.  List anticipated interventions.**

The parties do not anticipate interventions.

**8.  Describe class-action issues.**

There are no such issues in this case which raise class action issues.

**9.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

State Farm Lloyds has filed a motion to abate requesting this matter be abated for a period of sixty (60) or seventy-five (75) days. If granted, State Farm Lloyds will make its Rule 26(a) Initial Disclosures within fourteen (14) days after the abatement period ends.

State Farm Lloyds agrees that Plaintiff's Rule 26(a) Initial Disclosures will be due fourteen (14) days after the abatement period ends.

**10.  Describe the proposed agreed discovery plan, including:**

State Farm Lloyds has filed a Verified Motion for Abatement requesting this matter be abated for a period of at least sixty (60) days to allow Plaintiff to comply with the conditions precedent of the Policy and allow State Farm Lloyds time to complete its investigation and evaluation of the Fire and Plaintiff's Claim pursuant to TEX. INS. CODE § 542.051, *et. seq.* Accordingly, if Plaintiff does not comply, the scheduling dates may need to be adjusted.

    a.  **Responses to all the matters raised in Rule 26(f).**

Conference: Rule 26(f)(2): The parties conferred in good faith concerning the nature and basis of the claims and defenses and the possibilities for promptly settling or resolving the case, but were unable to reach a resolution of those claims at the conference.

The parties discussed any issues about preserving discoverable information. Additionally, State Farm Lloyds has sent preservation letters to the following third-parties:

- Aerial Communications/T-Mobile USA, Inc.;
- Verizon Wireless;
- Bandwidth.com, Inc.;
- Boost Mobile, LLC; and
- Google, Inc. / GoogleVoice.

State Farm Lloyds also sent a preservation letter to Plaintiff's attorney regarding the hard drive(s) and electronic data on any computer in Plaintiff's possession during the period from December 20, 2013 to March 10, 2014.

Discovery Plan: Rule 26(f)(3): The parties discussed the proposed discovery plan. If litigation remains necessary after the requested abatement period ends, including any reasonable extensions of the same, the parties have agreed to the discovery plan described below.

The parties agreed to comply with Rule 26(a) of the Federal Rules of Civil Procedure. Plaintiff will make her Rule 26(a)(1) Initial Disclosures within fourteen (14) days after the abatement period ends. State Farm Lloyds will make its Rule 26(a)(1) Initial Disclosures within fourteen (14) days after the abatement period ends.

Discovery will be required as to Plaintiff's Claim and Plaintiff's alleged damages. Discovery will also be required as to the origin and cause of the Fire, and the possible motives and opportunities for arson. Discovery will further be required as to State Farm Lloyds' investigation, including the scope of said investigation, as well as the bases for State Farm Lloyds' decision regarding Plaintiff's Claim. Moreover, discovery will be required as to State Farm Lloyds' defenses in this lawsuit.

Completion of thorough discovery on these matters should take 7 months. Discovery should be completed by July 29, 2016.

At this time, the parties do not anticipate any need to conduct discovery in phases. Additionally, the parties agree that discovery should be limited to or focused on issues that are relevant to the causes of action asserted in the parties' live pleadings.

At this time, the parties do not anticipate any issues related to the disclosure or discovery of electronically stored information.

The parties agree that attorney client and attorney work product information need not be produced in discovery. The parties further agree that, to date, neither party, through the production of any information, prior to or during litigation, has waived either the attorney client or attorney work product privileges.

At this time, the parties anticipate that each side will need to take more than ten depositions, including oral depositions and depositions on written questions. Accordingly, pursuant to Rule 29 of the Federal Rules of Civil Procedure, the parties agree and stipulate that the limit on the number of depositions set forth in FED. R. CIV. P. 30(a)(2)(A)(i) and FED. R. CIV. P. 31(a)(2)(A)(i) shall not apply to the number of depositions on written questions taken by either side.

The parties are not requesting the Court to issue any other orders under Rule 26(c) or under Rule 16(b) and (c).

**b.   When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates sending interrogatories to State Farm Lloyds by or before December 1, 2015, but not before any abatement period ends.

**c.   When and to whom the defendant anticipates it may send interrogatories.**

State Farm Lloyds anticipates sending interrogatories to Plaintiff within 60 days after the abatement period ends.

**d.   Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking the following depositions: Mark Randall, Buddy Roach, other persons who investigated the fire on behalf of Defendant, fire marshal in Sargent, and Joe Tucker.

Plaintiff may also take depositions from Plaintiff's friends and/or acquaintances and former neighbors who may have knowledge regarding her whereabouts shortly before or after the Fire or who may have knowledge of other pertinent information related to the Fire or Plaintiff's Claim including, but not limited to, the following: Gus Richbourg; Teresa Scardino; David Paul Tucker; medical providers and/or representatives of Bay City Cardiology who provided treatment to Plaintiff prior to and after the

Fire; real estate agents who listed the property; and representatives of Regal Storage.

At this time, it is difficult to determine what additional depositions will be necessary over and above these depositions.

Plaintiff anticipates taking oral depositions after receiving and reviewing subpoenaed records and Defendant's discovery responses but before May 2, 2016.

Plaintiff anticipates taking these depositions by or before May 2, 2016.

e. **Of whom and by when the defendant anticipates taking oral depositions.**

At the present time, as previously indicated, Plaintiff has not complied with the conditions precedent of the Policy and, therefore, State Farm Lloyds has been unable to complete its investigation of Plaintiff's Claim. However, after State Farm Lloyds is able to complete its investigation of the Fire and Plaintiff's Claim, upon Plaintiff's compliance with the Policy conditions, and if litigation remains necessary, State Farm Lloyds anticipates taking Plaintiff's deposition.

Further, Joe Tucker is a significant witness who has been difficult to locate. Both parties need Mr. Tucker's deposition, and State Farm Lloyds is requesting that the parties be allowed to take his deposition during any abatement period.

Due to the defensive issues in this lawsuit, State Farm Lloyds may also take depositions from Plaintiff's friends and/or acquaintances and former neighbors who may have knowledge regarding her whereabouts shortly before or after the Fire or who may have knowledge of other pertinent information related to the Fire or Plaintiff's Claim including, but not limited to, the following: Gus Richbourg; Teresa Scardino; David Paul Tucker; medical providers and/or representatives of Bay City Cardiology who provided treatment to Plaintiff prior to and after the Fire; real estate agents who listed the property; and representatives of Regal Storage.

At this time, it is difficult to determine what additional depositions will be necessary over and above these depositions.

State Farm Lloyds anticipates taking oral depositions after receiving and reviewing subpoenaed records and Plaintiff's discovery responses but before July 29, 2016.

f.

    **(i)**   **Specify the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party.**

        Plaintiff will designate experts and provide their reports to State Farm Lloyds on or before March 1, 2016.

    **(ii)**   **Specify the date experts for defendant will be designated and their reports provided to opposing party.**

        State Farm Lloyds will designate experts and provide their reports to Plaintiff on or before April 1, 2016.

**g.**   **List expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated complete date.** *See* **Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates taking the following expert depositions: law enforcement officials who investigated or responded to the Fire. Plaintiff also anticipates taking the depositions of any experts designated by Defendant.

Plaintiff anticipates completing depositions of experts by May 2, 2016.

**h.**   **List expert depositions the defendant (or opposing party) anticipates taking and their anticipated completed date.** *See* **Rule 26(a)(2)(B) (expert report).**

State Farm Lloyds anticipates taking the following expert depositions: law enforcement officials who investigated or responded to the Fire. State Farm Lloyds also anticipates taking the depositions of any experts designated by Plaintiff.

State Farm Lloyds anticipates completing depositions of experts by July 29, 2016.

**11.**   **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Plaintiff recommends a discovery plan which will allow the parties to have docket call on September 12, 2016. Defendant's plan allows for docket call on November 1, 2016.

Plaintiff's counsel returned his proposed changes to counsel for State Farm Lloyds at 3:15 p.m. on the date this Joint Plan and the Rule 16 Scheduling Order were due. Counsel for State Farm Lloyds contacted counsel for Plaintiff to discuss the same but he advised that he would have to call back in approximately 30 minutes.

Counsel for State Farm Lloyds advised that Plaintiff's counsel would need to call back by 4:00 p.m. in order to allow adequate time for filing the Plan and Scheduling Order. Plaintiff's counsel did not call back by 4:00 p.m.

Accordingly, the Scheduling Order being filed in connection with this Report is the proposed Scheduling Order set forth by State Farm Lloyds. Counsel for State Farm Lloyds notified Plaintiff's counsel that he would need to file Plaintiff's proposed Scheduling Order separately.

Furthermore, State Farm Lloyds' proposed Scheduling Order is based on a docket call set thirteen months after the Notice of Removal was filed. State Farm Lloyds' Scheduling Order allows for ample time to complete necessary discovery after any abatement period provided Plaintiff timely complies with any orders entered in connection with any abatement.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

   None.

13. **State the date planned discovery can reasonably be completed.**

   Plaintiff recommends discovery being completed on or before May 2, 2016. The Defendant recommends discovery being completed on or before July 29, 2016.

14. **Describe the possibilities for a prompt settlement or resolution of this case that were discussed in your Rule 26(f) meeting.**

   During the Rule 26 conference, the parties discussed resolution of this case. However, an agreement could not be reached.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

   As described above, during the Rule 26 conference, the parties discussed resolution of this case, however an agreement could not be reached. The parties have agreed to revisit settlement discussions, as appropriate, during the discovery process. It is the parties' position that any further settlement negotiations should take place after discovery is substantially complete.

16. **From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.**

   Early mediation allows the parties to avoid significant time and cost, but often necessary information is not available to allow parties to make an informed decision.

**Plaintiff's Position**:

Plaintiff has always been amenable to a negotiated resolution of Plaintiff's claims, but Defendant continues to delay based upon unreasonable claims for more investigation.

**State Farm Lloyds' Position**:

At this time, State Farm Lloyds does not believe mediation of this case is appropriate or necessary given that State Farm Lloyds has not been able to complete its investigation of the Fire or Plaintiff's Claim due to Plaintiff's failure to comply with the conditions precedent of the Policy. However, State Farm Lloyds would like to keep this option open should the parties later determine mediation may be appropriate.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    Plaintiff does not consent to a Magistrate.
    State Farm Lloyds does not consent to a Magistrate.

18. **State whether a jury demand has been made and if it was made on time.**

    Plaintiff timely requested a jury trial in her petition.

    State Farm Lloyds timely requested a jury trial in its Notice of Removal.

19. **Specify the number of hours it will take to present the evidence in this case.**

    Plaintiff anticipates that it will take approximately 25-30 hours to present her evidence in this case.

    State Farm Lloyds anticipates that it will take approximately 25-30 hours to present its evidence in this case.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    Defendant State Farm Lloyds' Verified Motion for Abatement.

21. **List other pending motions.**

    None.

**22.     Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

Deposition of Joe Tucker during the requested abatement period.

**23.     Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for the original and any amendments.**

Plaintiff will file her Disclosure of Interested Persons by November 5, 2015.

State Farm Lloyds filed its Disclosure of Interested Persons (Doc. No. 6) on October 2, 2015.

**24.     List the names, bar numbers, addresses, email addresses, and telephone numbers of all counsel.**

For the Plaintiff:
Mr. Jim L. Culpepper
State Bar No. 05214000
Federal ID No. 3249
Jim. L. Culpepper & Associates, P.C.
9821 Katy Freeway, Suite 100
Houston, Texas 77024-1208
Telephone: (713) 463-6300
Telecopier: (713) 463-6301
Email: jmc@culpepperlaw.com
Attorney-In-Charge for Plaintiff

For the Defendant, State Farm Lloyds:
Ms. Kathleen Crouch
State Bar No. 05144310
Federal ID No. 10835
Nistico, Crouch & Kessler, P.C.
1900 West Loop South, Suite 800
Houston, Texas 77027
Telephone: (713) 781-2889
Telecopier: (713) 781-7222
Email: kcrouch@nck-law.com
Attorney-In-Charge for Defendant

As noted above, Plaintiff's counsel returned his proposed changes to counsel for State Farm Lloyds at 3:15 p.m. on the date this Joint Plan and the Rule 16 Scheduling Order were due to the Court. Counsel for State Farm Lloyds has incorporated Plaintiff's position in this plan. However, counsel for State Farm Lloyds did not receive the signature page

from Plaintiff's counsel for filing. Therefore, the Joint Plan is being signed only by counsel for State Farm Lloyds.

Respectfully submitted,

| | |
|---|---|
| ***/s/Kathleen Crouch*_____** | **November 4, 2015_____** |
| **Counsel for Defendant** | **Date** |

Ms. Kathleen Crouch
State Bar No. 05144310
Federal ID No. 10835
Nistico, Crouch & Kessler, P.C
1900 West Loop South, Suite 800
Houston, Texas 77027
Telephone: (713) 781-2889
Telecopier: (713) 781-7222
Email: kcrouch@nck-law.com

## CERTIFICATE OF SERVICE

      I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by FED. R. CIV. P. 5(b)(2) on this 4th day of November, 2015, as indicated below:

Mr. Jim L. Culpepper
Jim L. Culpepper & Associates, P.C.
9821 Katy Freeway, Suite 110
Houston, Texas 77024-1208
**VIA EFILE, FACSIMILE: (713) 463-6301 &**
**CERTIFIED MAIL/RRR #7015 1520 0003 3801 7319**

                                                        _____*/s/Kathleen Crouch*_____
                                                           Kathleen Crouch