IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LINDA BENTHALL,<br>  Plaintiff | §<br>§<br>§ | |
| VS. | §<br>§ | CA No. 4:15-cv-02715<br>JURY |
| STATE FARM LLOYDS,<br>  Defendant | §<br>§ | |

## **PLAINTIFF'S AMENDED COMPLAINT**

This is a suit on an insurance contract for damages and other relief by Linda Benthall, Plaintiff, against State Farm Lloyds, Defendant.

### Parties

1. Plaintiff, Linda Benthall, is a resident citizen of Katy, Harris County, Texas.

2. Defendant, State Farm Lloyds, ("State Farm"), is a domestic or foreign corporation or Lloyds entity licensed to do business and doing business in the state of Texas. State Farm has appeared and answered this action.

### Jurisdiction & Venue

3. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1) since it is an action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Venue is proper in this District and Division pursuant to 28 U.S.C. § because State Farm issued its policy and maintains business activity in and may be found in this district.

### Statement of Facts and Contract Breach

5. At the time of the events made the basis of this suit, Linda Benthall lived at 872

Seagull Street in Sargent, Texas. Her home was situated on a canal and had been her residence for a number of years. She was the sole resident.

6. The Benthall residence was insured by State Farm Lloyds. State Farm had provided insurance on this residence for a number of years. The renewal of that policy covered the policy period September 4, 2013 to September 4, 2014. That policy was policy number 83B6D5289 (the "Policy") and insured the Benthall residence from the risk of loss from a variety of perils, including a loss from a hostile fire.

7. At all material times, the premiums for the State Farm insurance coverage were fully paid.

8. On the night of March 6, 2014 or the early morning of March 7, 2014, the Benthall residence was substantially destroyed by a fire.

9. Linda Benthall was out of state in Louisiana at the time of this fire. Upon being notified of the fire, Benthall notified State Farm as she returned to Sargent on March 7.

10. Benthall arrived back in Sargent in the early evening of March 7, 2014 to discover her home totally destroyed, nothing but ashes. She spent that night with friends in Sargent.

11. State Farm's initial response to this loss was to provide Benthall with an advance on her Additional Living Expense coverage (ALE) so that she could find temporary housing. It continued to provide ALE coverage for most of the duration on this claim.

12. State Farm also undertook an investigation of this loss. During the course of this investigation, Linda Benthall cooperated with State Farm. In doing so, she enlisted the assistance of counsel upon whom she relied in providing information and

documents requested by State Farm, and the preparation and filing of her proof of loss on the contents and structure. Her cooperation also included giving recorded statements, supplying records and documents, and giving an Examination Under Oath. She responded to all of State Farms reasonable request in a timely manner. The statements given State Farm in the course of its months of investigation were candid and straight forward. Any errors or mistakes were promptly corrected when called to her attention.

13. State Farm claimed at the conclusion of its fire investigation that the fire at the Benthall residence in March of 2014 was arson - intentionally set.

14. On information and belief, the fire at the Benthall residence was not the result of arson but was accidental or of undetermined origin.

15. State Farm claimed at the conclusion of its investigation that the fire at the Benthall residence was a set fire, set at the direction of Linda Benthall with her knowledge and consent.

16. Linda Benthall did not set a fire at her residence, direct the setting of any fire at her residence nor did she have knowledge of a fire planned for or being set at her residence. Linda Benthall did not consent to anyone setting a fire or doing anything destructive to her residence on Seagull Street in Sargent, Texas.

17. State Farm claim at the conclusion of its investigation that Linda Benthall violated the Conditions of the Policy.

18. Linda Benthall complied with all reasonable request of State Farm in satisfaction of the Conditions of the Policy including providing State Farm with the records and documents requested or permitted the copying of such documents, gave statements as requested by State Farm, and gave testimony in State Farms requested EUOs.

19. State Farm claims Linda Benthall intentionally misrepresented and concealed material information during its investigation. Linda Benthall did not intentionally misrepresent any information nor intentionally conceal any information from State Farm during its investigation of her loss.

20. State Farm claims Linda Benthall violated other Policy provisions and conditions. Linda Benthall specifically denies any such violations and particularly State Farm's claimed violations of the Concealment or Fraud provisions of the Policy.

21. State Farm denied the Benthall claim. State Farm denial was a breach of the Policy.

22. The cost to replace or rebuild the Benthall residence following this fire loss was in at least the amount of $340,670. The loss of the contents from the fire was in at least the amount of $103,000. For these damages all proximately caused by State Farm's wrongful denial, Linda Benthall now sues.

### Attorney's Fees

23. This suit was made necessary by the wrongful acts and practices of State Farm. Linda Benthall has been forced to retain an attorney to prosecute his claims, for which she has agreed to pay a reasonable attorney's fee. Linda Benthall is thus entitled to recover her reasonable attorney's fees and expenses incurred and to be incurred herein for the full prosecution of this claim through trial and appeal, if any, that are reasonable and necessary to obtain the relief he seeks herein.

### General Claims

24. All notices required to be given have been given, and all conditions precedent have been satisfied.

25. Benthall requests prejudgment interest.

26. Benthall requests a jury trial.

**Prayer**

Plaintiff Linda Benthall prays that she have a full trial on the merits of her claim, and upon such trial, she have and recover a judgment in her favor for her actual damages, together with any and all of her attorney's fees, costs, expenses, and interest to which she may be justly entitled, and for general relief.

Respectfully submitted,

By:_____
James C. Plummer, TBA #16075700
Federal I.D. No. 3692
Amar Raval, TBA #24046682
S.D. No. 619209
Berg Plummer Johnson & Raval LLP
3700 Buffalo Speedway, Suite 1150
Houston, Texas 77098
(713) 526-0200
(832) 615-2665 (Fax)
Jplummer@bergplummer.com
Araval@bergplummer.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing Plaintiff's Amended Complaint were served by hand delivery, regular or certified mail, return receipt requested, or by fax or e-mail transmission on January 26, 2018, to:

Kathleen Crouch, Esq.
Rachel E. Wall, Esq.
Nistico, Crouch & Kessler, P.C.
1900 West Loop South, Suite 800
Houston, Texas 77027

_____
James C. Plummer